**IN THE COURT OF COMMON PLEAS FOR THE STATE OF DELAWARE**

**IN AND FOR NEW CASTLE COUNTY**

| | | |
|---|---|---|
| MOHAMED DIABY | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. CPU4-15-001735 |
| | ) | |
| INSURANCE AUCTIONS USA INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Submitted: November 20, 2015
Decided: December 15, 2015

Mohamed Diaby
44 Mohawk Circle
Ferndale, NY 12734
*Self-Represented*

Jarret P. Hitchings, Esquire
Duane Morris LLP
222 Delaware Avenue, Suite 1600
Wilmington, DE 19801
*Attorney for TD Bank*

**MEMORANDUM OPINION AND ORDER
ON PLAINTIFF'S MOTION TO AMEND THE COMPLAINT**

**INTRODUCTION**

On May 19, 2015, Plaintiff Mohamed Diaby ("Diaby") filed this breach of contract action against Insurance Auctions USA Incorporated ("Defendant") in connection with the purchase of a 2011 Mercedes-Benz ("Mercedes"). On July 31, 2015, after Defendant failed to answer Diaby's Complaint, this Court entered a default judgment against Defendant in the amount of $11,000.00. On August 12, 2015, TD Bank ("TD") notified this Court that the

Order was insufficient to compel TD to surrender the money in Defendant's account. Subsequently, this Court issued two rules to show cause against TD. At hearings held on September 4, 2015 and November 20, 2015, TD maintained that it held no accounts in Defendant's name and therefore could not surrender the money owed. On October 21, 2015, Diaby filed a Motion to Amend the Complaint. The Court took this matter under advisement on November 20, 2015. This is the Court's final decision on Plaintiff's Motion to Amend the Complaint.

### FACTUAL AND PROCEDURAL HISTORY

On April 20, 2015, Plaintiff purchased a 2011 Mercedes from an online auto auction website and received an invoice memorializing the purchase. The invoice was printed on TD Bank letterhead and provided Plaintiff with instructions on how to make payment, and Defendant's TD bank account number. Over the following three days, Plaintiff paid the sum of $11,000.00 as provided in the invoice by making three separate cash deposits at two TD Bank locations in New York City.[1]

During his first visit to the bank, Plaintiff submitted a deposit slip containing what he understood to be Defendant's business name; however, the teller instructed him to instead write "Insurance Auction" or "Insurance Auto Auction," to ensure his payment would be credited to the proper TD Bank account. Subsequently, Plaintiff made the final two payments using the entity name provided by the teller. Shortly after paying the balance, Defendant informed Plaintiff that it was unable to obtain the Mercedes. Plaintiff requested a

---

[1] Plaintiff made deposits of $8,000.00 and $2,000.00 on April 21, 2015 and April 22, 2015 at a TD Bank located in Bronx, New York. On April 23, 2015, Plaintiff deposited the final $1,000.00 at a TD Bank located in Harlem, New York.

refund but did not receive a response from Defendant. On May 19, 2015, Plaintiff brought this action and Defendant was served at 300 Delaware Avenue, Suite 210, Wilmington, Delaware 19801. For failure to file an answer as required by *Court of Common Pleas Civil Rule* 12(a), on July 31, 2015, Plaintiff obtained a default judgment against Insurance Auctions USA, Inc., in the amount of $11,000.00.

On August 12, 2015, TD informed the Court that the Order was "not sufficient" and that TD needed a "writ or restricted notice" before they would release the funds. As a result, two rule to show cause hearings were held before the court. At the first, TD maintained that it was not in possession of Plaintiff's funds and that Defendant does not hold an account at TD Bank. After Plaintiff submitted deposit receipts and slips, and the invoice, TD conceded that Plaintiff made the three deposits, but that the deposits did not involve Defendant, and the funds belonged to "a different entity" whose name TD was unwilling to disclose.

On October 21, 2015, Plaintiff filed a Motion to Amend the Complaint ("Motion"), to change Defendant's name from its current form to "Insurance Auctions LLC." Plaintiff indicated that Defendant's account was listed under the name "Insurance Auction LLC" and not "Insurance Auctions USA, Inc."[2] Plaintiff did not provide Defendant with notice of the Motion because no responsive pleadings were filed by Defendant. On November 20, 2015, this Court heard argument on Plaintiff's Motion and TD's second rule to show cause.

---

[2] The information's accuracy is unquestioned; however, it remains unclear whether Plaintiff obtained the information from TD's lawyer or a TD Bank teller.

3

## PARTIES' CONTENTIONS

Plaintiff contends that he is unable to enforce his judgment unless it is against the proper TD Bank account holder. TD maintains that it will not enforce what it considers to be a "procedurally improper" judgment. TD contends that it may enforce this Court's judgment if Plaintiff follows the appropriate procedural channels. TD does not oppose Plaintiff's Motion to Amend the Complaint.

## DISCUSSION

### A. Motion to Amend

Pursuant to *Court of Common Pleas Rule of Civil Procedure* 15(a), the Court has the authority to grant a party leave to amend his pleadings.[3] A foreign *unregistered* limited liability company doing business in this State, "shall be deemed to have . . . appointed and constituted the Secretary of State its agent for acceptance of legal process in any civil action."[4] Similarly, when a foreign *registered* limited liability company "cannot by due diligence" be served in the manner provided for in 6 *Del. C.* § 18-910(a), it is deemed sufficient to serve process upon the Secretary of State.[5]

The Defendant did not file a responsive pleading under *Court of Common Pleas Civil Rule* 12(a) and has not filed other pleadings. Under Rule 15, a part may amend a party's pleading once as a matter of course at any time before a responsive pleading is served.

---

[3] CCP Civ. R. 15(a).
[4] 6 *Del. C.* § 18-911(a).
[5] 6 *Del. C.* § 18-910(b).

Therefore, since there has been no responsive pleading the motion to amend is permissible under the rule.

### B. TD Bank's Actions

This case involves a *pro se* litigant who deposited money into a TD bank account. The Plaintiff indicated that a TD Bank employee changed the deposit slip so that the funds may be deposited into Insurance Auctions LLC's account. This allegation, if proven, could put the bank in a different position than a mere depository because it has put Plaintiff in a difficult position to recover his funds. Thus it is a difficulty which the bank, by its employee helped to create. TD refuses to return Plaintiff's funds, despite the fact that Plaintiff never received the goods for which he contracted. These acts put the bank in a precarious position which may warrant review by other authorities.

## ORDER

Upon consideration of Plaintiff's Motion to Amend is **GRANTED**. Plaintiff shall file an amended complaint and have it served on Insurance Auctions LLC.

## SO ORDERED.

_____
Alex J. Smalls
Chief Judge

Diaby-OP  Dec 2015

5